# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY JOSEPH,<br><br>                              Plaintiff,<br>  vs.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO T. GONZALEZ, Director, Citizenship and Immigration Services; CHRISTINA POULOS, Acting Director, California Service Center, Citizenship and Immigration Services; PAUL M. PIERRE, District Director, San Diego District, Citizenship and Immigration Services; ALBERTO GONZALES, Attorney General of the United States; ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation,<br><br>                              Defendants. | CASE NO. 07cv0341-LAB (LSP)<br><br>**ORDER GRANTING MOTION TO REMAND; AND**<br><br>**ORDER OF DISMISSAL** |

      Plaintiff, an applicant for naturalization, brought this action to compel the United States Citizenship and Immigration Service ("USCIS") to adjudicate his application. Plaintiff was interviewed by USCIS on May 25, 2006. Because his application was not adjudicated within 120 days, he now seeks judicial review under 8 U.S.C. § 1447(b).

      Defendants have filed a motion to dismiss for lack of jurisdiction or failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6); or, in the alternative, to remand to USCIS

1 | for adjudication upon completion of Plaintiff's background check (the "Motion").  Plaintiff
2 | alleges the adjudication of his application has been unreasonably delayed, but alleges
3 | nothing regarding his background check.  He did raise this argument in his opposition to the
4 | Motion. (Opp'n at 6.)  His claim, however, rests on solely on the fact that his application was
5 | not adjudicated within 120 days of his interview, or examination.

In addition to 8 U.S.C. § 1447(b), Plaintiff identifies the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq.*; and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* as bases for relief.  The Court relies primarily on § 1447(b), which requires the agency to decide a naturalization application within 120 days of the date of a naturalization, and empowers the district court to "either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if:  (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).  "The extraordinary remedy of mandamus under 28 U.S.C. § 1361  will issue only to compel the performance of a clear nondiscretionary duty. " *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (international quotation marks and citation omitted).

The APA authorizes the Court to intervene to compel agency action that has been unreasonably delayed.  5 U.S.C. § 706(1).  While USCIS has discretion in how to adjudicate an application, it has no discretion regarding whether to adjudicate an application within the 120-day period following the interview.  *See, e.g., Singh v. Still*, 470 F. Supp.2d 1064, 1067 (N.D. Cal. 2007) (noting difference between <u>how</u> the USCIS resolves an application and <u>whether</u> it resolves an application).

The FBI and USCIS are charged respectively with investigating and adjudicating naturalization applications.  8 U.S.C. § 1446(a).  Congress mandated in 1997 that the FBI investigate every applicant for naturalization and that CIS await completion of applicants' background investigations before rendering a decision with respect to any applicant.  *See*

Pub. L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448–49. Beginning in fiscal year 1998 and thereafter, the USCIS is prohibited from using any of the funds appropriated or available to it "unless the [USCIS] has received confirmation from the [FBI] that a full criminal background check has been completed . . . ." *Id*. Pursuant to that provision, 8 C.F.R. § 335.2 was amended to reflect the need to delay conducting an applicant's initial citizenship interview until after the FBI completes its investigations.

Until recently, the USCIS' San Diego office had acted contrary to the regulation by conducting initial interviews of applicants for purposes of carrying out the history and English examination portions of the interview. *See Ghazal v. Gonzales*, 2007 WL 1971944, slip op. at *2 (S.D.Cal., June 14, 2007). After the FBI completed an applicant's background check USCIS might re-interview the applicant if the background check appeared to warrant it. *Id.* The USCIS has now, changed its practice to comply with regulatory requirements. *Id.*

As a result of the USCIS' previous practice, some applicants, including Plaintiff, found themselves in the position of having finished their examinations before the background check was completed and reported to the USCIS. The Court can exercise jurisdiction over cases where 120 days have passed since an applicant's naturalization interview but where FBI's background investigation is not yet complete. *See United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004) ("Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority").

Under 8 U.S.C. § 1447(b), the Court may either hold a hearing and decide the matter, or remand the matter with appropriate instructions to the USCIS for determination. "Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002). Neither the USCIS nor the Court is equipped either to conduct the background check themselves or to decide an application before the FBI completes its background check to determine whether an applicant presents any national security or public safety risk. *See*
/ / /

*El-Daour v. Chertoff*, 417 F. Supp.2d 679, 684 (W.D.Pa., 2005). In this case, the delay is attributable to the FBI's delay in completing the background check.

As noted above, the complaint did not allege the background check was taking an unreasonably long time, but Plaintiff did raise this issue in his opposition to the Motion. Defendants in reply filed the declaration of Michael Cannon, head of the FBI's National Name Check Program Section. Cannon's declaration outlined the procedures the FBI follows in conducting a background check and factors affecting delays in conducting background checks nationwide. (Cannon Decl. filed June 4, 2007, ¶¶ 4–21.) The declaration states the request for Plaintiff's background check was received on or around February 14, 2006 and the FBI is in the course of carrying out its duties with respect to Plaintiff's background check in accordance with the procedures described. (Id., ¶ 22.)

While the FBI must conduct background checks, the Court cannot direct the pace at which the FBI does so. *Alzuraiki v. Heinauer*, 2008 WL 413861, slip op. at *4 (D.Neb., Feb. 13, 2008) (pointing out the FBI was under no requirement to process plaintiff's background check at any particular pace such as could give rise to APA or mandamus jurisdiction). Provided the FBI is making efforts reasonable under the circumstances, the time within which it acts is committed to the FBI's discretion. *See Li v. Chertoff*, 482 F. Supp.2d 1172, 1178 (S.D.Cal., 2007).

Plaintiff has alleged no harm, and no egregious or abusive circumstances other than mere delay. In addition, the Cannon declaration provides a generalized explanation for delays of this kind. Furthermore, while other courts have drawn different conclusions, this Court has considered it inequitable to require the FBI to expedite one applicant's background check at the expense of all other applicants. *See, e.g., Mahdavi v. Chertoff*, 2007 WL 474556, slip op. at *3 (S.D.Cal., Oct. 29, 2007) (noting the FBI was experiencing a backlog of requests for expedited background checks, and concluding "assuming FBI resources remain constant, no procedural net gain will result and other applications 'of a higher or competing priority' will be delayed.") (quoting *Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 80 (9th Cir. 1984)). Therefore, even if the complaint had alleged

1 unreasonable delay in completing the background check, the Court would not find such a
2 delay unreasonable in this case so as to justify mandamus relief.

3     When, as here, a delay in the decision results from the FBI's investigative process
4 and no abusive or egregious circumstances are apparent, the Court finds it appropriate to
5 remand with instructions rather than attempting to make its own citizenship determination
6 before the background check is complete.  *See Ghazal* at *3 (citation omitted).  To do
7 otherwise, the Court "would be improvidently bypassing the agency's expertise in
8 immigration matters committed in the first instance to the agency." *Lopez v. Ashcroft*, 366
9 F.3d 799, 807 (9th Cir. 2004).

10     For these reasons, **IT IS HEREBY ORDERED**:

11     1.    Defendants' Motion To Remand is **GRANTED**.

12     2.    This matter is **REMANDED** to the USCIS, with instructions that USCIS make
13 a determination as expeditiously as possible after the completion of Plaintiff's security and
14 background investigation.

15     3.    The Clerk of Court shall terminate this action in its entirety.

17 **IT IS SO ORDERED**.
18 DATED: March 13, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge